IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

KRISTAN CLOYES

        Plaintiff,

v.

MEDICREDIT, INC.

        Defendant.

## ANSWER

Defendant Medicredit, Inc. for its Answer to Plaintiff's Complaint and Jury Demand, respectfully states as follows:

1. Medicredit admits the allegations in Paragraph 1.

2. Medicredit admits the allegations the allegations in Paragraph 2 and states that venue is appropriate in the United States District Court for the District of Colorado.

3. Medicredit has insufficient knowledge at this time to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies the allegations.

    a. Medicredit has insufficient knowledge at this time to admit or deny the allegations contained in Paragraph 3a of Plaintiff's Complaint and therefore denies the allegations.

    b. Medicredit has insufficient knowledge at this time to admit or deny the allegations contained in Paragraph 3b of Plaintiff's Complaint and therefore denies the

allegations.

    c.  Medicredit has insufficient knowledge at this time to admit or deny the allegations contained in Paragraph 3c of Plaintiff's Complaint and therefore denies the allegations.

    e.  Medicredit denies the allegations contained in Paragraph 3e of Plaintiff's Complaint.

  4.  Medicredit admits that it is a debt collector under 15 U.S.C. §1692a(6). However, Medicredit is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegation that it is a debt collector under 15 U.S.C. §1692a(6) for purposes of the present action and therefore denies the allegations contained in Paragraph 4.

  5.  Paragraph 5 is a statement of law to which a response is not required. To the extent a response is required, Medicredit admits that Plaintiff has brought a claim under the CFDCPA, C.R.S. §§ 12-14-101, et seq., but denies that Medicredit has violated the CFDCPA or is liable to Plaintiff in any way. Medicredit has insufficient knowledge at this time to admit or deny the remaining allegations, if any, contained in Paragraph 5 of Plaintiff's Complaint and therefore denies the allegations.

  6.  Paragraph 6 is a statement of law to which a response is not required. To the extent a response is required, Medicredit has insufficient knowledge at this time to admit or deny the remaining allegations, if any, contained in Paragraph 6 of Plaintiff's Complaint and therefore denies the allegations.

  7.  Paragraph 7 is a statement of law to which a response is not required. To the extent a response is required, Medicredit has insufficient knowledge at this time to admit or deny

the remaining allegations, if any, contained in Paragraph 7 of Plaintiff's Complaint and therefore denies the allegations.

8. Medicredit denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Medicredit denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Medicredit denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Medicredit admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Paragraph 12 is a statement to which a response is not required.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. All allegations of the Complaint not specifically admitted by Medicredit are hereby denied.

2. Answering further and by way of affirmative defense, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Answering further and by way of affirmative defense, Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, statute of limitations, payment, release, and unclean hands.

4. Medicredit presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as of yet unstated, affirmative defenses

available. Medicredit hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint and Jury Demand and Plaintiff being entitled to no relief whatsoever, Medicredit respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint and Jury Demand, and grant it its attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Dated: July 15, 2014.

                                            LATHROP & GAGE LLP

                                            s/ *Leah E. Capritta*
                                            Leah E. Capritta
                                            Thomas D. Leland
                                            950 17th Street, Suite 2400
                                            Denver, Colorado 80202
                                            Telephone:   720-931-3200
                                            Fax:              720-931-3201
                                            Email:           lcapritta@lathropgage.com
                                            Email:           tleland@lathropgage.com

                                            *Attorneys for Defendant Medicredit, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2014, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sean Cloyes
Kinnaird Cloyes & Kinnaird, P.C.
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111

*Attorneys for Plaintiff*

                                           s/ *Mary McNichols*
                                           Mary McNichols
                                           Legal Administrative Assistant